Appellant Robert Bryant appeals the judgment of the trial court finding him guilty of possession of drugs, a fifth degree felony, and sentencing him to a definite twelve-month term of incarceration. Bryant assigns the following error for our review:
 THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.
Having reviewed the record and the legal arguments of the parties, we affirm the judgment of the trial court. The apposite facts follow.
On August 23, 1998, police arrested Bryant and charged him with one count of possession of drugs, a felony in the fifth degree. Bryant pleaded not guilty to the charge. The case proceeded to trial by jury on August 3, 1999.
During voir dire, the parties discovered that juror number one worked as a police officer with the city of Cleveland. Upon questioning by the court, the juror reported he worked in the first district doing basic patrol and had worked with the attorney for the state in a previous case. However, he asserted those facts would not influence his decisions and that he would be fair and impartial to both parties. Defense counsel did not question the officer and did not object to his presence on the jury.
At trial, the state called two witnesses scientific examiner Tina Stewart, and Police Officer Nikolai Przybylski. Both witnesses for the state work for the city of Cleveland's police department.
Officer Przybylski testified that on August 23, 1998, he and his partner patrolled the area of East 131st Street and Crennell located in Cleveland, Ohio. At approximately 2:00 a.m., Officer Przybylski observed a vehicle parked in the middle of the street with one male occupant and one male leaning into the vehicle. He also observed a third male, who he identified as Bryant, standing on the curb approximately ten-to-fifteen feet away from the vehicle. Using binoculars, Officer Przybylski saw what he believed to be crack cocaine in the hands of the male inside the vehicle and the male leaning into the car. Officer Przybylski testified he and his partner then approached the vehicle with sirens, headlights and spotlights on. He stated the three males appeared surprised and the man standing on the corner, Bryant, dropped what appeared to be a small metal rod to the ground. Officer Przybylski recovered the pipe from the ground and conducted a pat-down search of all three males.
Officer Przybylski further testified he and his partner recovered substances believed to be crack cocaine from the male leaning in the vehicle and the male sitting in the vehicle. Officer Przybylski then read all three males their constitutional rights from a printed card. According to Officer Przybylski, after Bryant indicated he understood his rights, he told the officers he had purchased crack from the male in the vehicle earlier and that the drug dealer carried drugs in his socks. Bryant's information proved correct, and the officers decided to search Bryant's socks as well. Officer Przybylski found a small ceramic pipe, which he recognized as a crack pipe, in Bryant's socks. Officer Przybylski identified both pipes seized from Bryant.
Scientific Examiner, Tina Stewart, testified the pipes seized from Bryant tested positive for cocaine.
Following the states case in chief, Bryant testified as the sole witness in his defense. Bryant testified to several prior convictions. He stated his last five have been drug abuse. He also testified to convictions for aggravated robbery, drug trafficking, and forgery.
Bryant testified that on the night in question, the officers searched him but found nothing. He also testified a woman was present at the scene. Bryant stated this woman dropped the metal crack pipe. He also testified the officers pulled the man sitting in the car out and searched his socks after speaking with the woman. Bryant testified that when the officer's searched his socks, they didn't find anything. He testified the officers found a crack pipe lying in the grass and said give him that one.
On cross-examination, Bryant testified he was currently addicted to drugs and used drugs three-to-five times a day. He admitted that his drug of choice was cocaine and that he uses a pipe to smoke it. He also admitted he smoked crack several times on the day of his arrest. He further agreed that he did not believe Officer Przybylski would jeopardize his career by perjuring himself before the court. Following Bryant's testimony, the defense rested.
The jury returned a verdict of guilty and the judge proceeded to sentencing.[1] Finding Bryant perjured himself and possessed an extensive criminal history, the trial court imposed a sentence of twelve months imprisonment, with credit for time served. Bryant appeals the trial court's judgment.
In his sole assignment of error, Bryant argues he received ineffective assistance of counsel because defense counsel permitted a police officer to serve on the jury without a tactical reason. Bryant argues the main evidence against him came from a police officer and the case necessarily placed police procedures and practice into question. Thus, Bryant contends no tactical reason existed for defense counsel to permit a police officer to remain on the jury, and in so doing, counsel rendered ineffective assistance. We disagree.
The standard of review for ineffective assistance requires a two-part test. [T]he defendant must show that counsel's representation fell below an objective standard of reasonableness. Strickland v. Washington (1984),466 U.S. 668, 688, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674; State v. Bays
(1999), 87 Ohio St.3d 15, 716 N.E.2d 1126. Additionally, the defendant must demonstrate prejudice. In other words, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Strickland at 694, 104 S.Ct. at 7068,80 L.Ed.2d at 674.
A trial counsel's decision to exercise, or not exercise, a peremptory challenge falls within the domain of trial strategy. State v. Goodwin
(1999), 84 Ohio St.3d 331, 341, 703 N.E.2d 1251, reconsideration denied (1999), 85 Ohio St.3d 1410; State v. Hendking (Feb. 3, 2000), Cuyahoga App. Nos. 75179 and 75180, unreported. The strategic choices of trial counsel enjoy a presumption of soundness. Strickland. Though Bryant's trial counsel failed to challenge the presence of a police officer on the jury, his decision must be viewed along with the juror's assertion he would be fair and impartial to both sides. See Hendking.
Further, Bryant fails to demonstrate that, but for counsel's choice to permit the officer to serve on the jury, the outcome of trial would have been different. To the contrary, the record reveals substantial evidence of Bryant's guilt, which Bryant himself corroborated in many material respects. At trial, Bryant admitted his presence at the crime scene on the night of his arrest. He admitted to smoking crack several times that day and to using a glass pipe to do so. Officer Przybylski testified to seizing a ceramic or glass pipe from Bryant's sock. Additionally, Bryant asserted a belief that Officer Przybylski would not perjure himself. Based on the record, we conclude Bryant fails to demonstrate ineffective assistance of counsel. Accordingly, we overrule his assignment of error.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
LEO M. SPELLACY, P.J., and ANNE L. KILBANE, J., CONCUR.
 ____________________________ PATRICIA ANN BLACKMON, JUDGE
[1] Defense counsel requested the court defer sentencing until it reviewed a presentence report based on Bryant's admissions of drug abuse and the potential overlap between his brother's criminal record and his own. However, the trial court denied counsel's request.